### WOOSTER v. MUSER and others.

(*Circuit Court, S. D. New York.* April 23, 1884.)

EQUITY PLEADING—WAIVER OF FAULTS.
 In a suit for the infringement of a patent, although an answer denying information as to the infringement and denying damages is wholly insufficient, the orator, by replying to it, admits its sufficiency, and takes upon himself the burden of proving the infringement.

In Equity.
*Frederic H. Betts,* for orator.
*Edmund Wetmore,* for defendants.

WHEELER, J. The bill states the issuing of a patent to one Douglass, the assignment and a reissue of it to the orator; that the defendants, in order to deprive him of profits, infringed it and derived profits to themselves, and greatly injured him; and prays an account of profits and damages. One of the defendants answers for himself and in the name of the others, by himself as attorney for each, and states that they are not informed as to the issuing and assignment of the patent, and therefore deny the same, and leave the orator to make such proofs thereof as he shall be advised; and, further answering, denies "that they have deprived the complainant of any profits or inflicted upon him any damages," and prays for dismissal, with costs. The orator, by replication in usual form, traversed the answer, put the reissued patent in evidence, and examined two witnesses as to infringement. The cause has been heard on these pleadings and proofs. The principal questions are as to where, on these pleadings, the burden of proof rests; and if upon the orator, whether he has made out his case. An answer in equity is required for discovery and evidence as well as for grounds of defense, and evidence cannot be given by attorney; therefore an answer cannot be made by attorney, and this answer is, as to those answering in that way, wholly irregular. And then the gist of the charge in the bill is the infringement. The answer does not meet that, but denies resulting damages and deprivations of profits, which, if true, would not defeat the right to maintain the bill. But still, as the orator did not move to have the answer taken off the file for the irregularity; nor to have the bill taken *pro confesso* for want of an

answer, as if the answer was void; nor except to the answer for insufficiency,—by replying to it he admitted it to be sufficient, however imperfect it might be. Story, Eq. Pl. § 877. The issue joined upon the answer by the traverse was upon its allegations and denials as they were, and the orator, by joining that issue, placed himself where he must overcome the denials and maintain his bill. *Young* v. *Grundy*, 6 Cranch, 51. The reissue of the patent ran directly to the orator, and was founded upon assignments entitling him to it, and the production of it would show *prima facie* that all the preliminary steps had been taken. The law would presume damage and deprivation of profits from infringement, but there must be at least proof of that to make out either by it. The proof is wholly as to use. It comes from a reluctant witness so situated that full force should be given to what he does say, but beyond what he says and what may fairly be inferred from that there is no proof. Without going beyond that, and into suspicion and conjecture, the fact of the use by the defendants of the device patented by this patent does not appear. The orator may have a good case, but the defendants have not admitted it; neither has he proved it.

Let there be a decree dismissing the bill, with costs.